**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ROLDAN BASTIDAS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-770-R** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

### <u>REPORT AND RECOMMENDATION</u>

Petitioner Roldan Bastidas, a noncitizen[1] and Venezuelan national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 4. The undersigned set an expedited briefing schedule, Doc. 5, and the Petition is at issue.[2] For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within five business days or otherwise to release him if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] On April 24, 2026, Petitioner filed a handwritten letter that the undersigned construes as a Reply. Doc. 8.

## I.    **Background**

Petitioner, a citizen of Venezuela, entered the United States on or about September 8, 2023, at or near El Paso, Texas without inspection or parole.  Resp. at 2; Doc. 7-1 at 1.  On March 27, 2026, ICE encountered Petitioner after he was released from the Oklahoma County Jail and placed him into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear.  Resp. at 2; Doc. 7-1 at 1.  Petitioner was charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.  Resp. at 2; Doc. 7-1 at 1.[3]

The undersigned presumes ICE detained Petitioner under 8 U.S.C. § 1225(b)(2)(A).[4]  Petitioner does not allege whether he requested a bond hearing before an Immigration Judge ("IJ").  However, such a request would be futile because all IJs are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025).  *Hurtado* holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

---

[3] Neither party alleges Petitioner has previously been encountered or detained by ICE.  In his Reply, Petitioner asserts he has "legal documents for an asylum [claim]" and a "work permit, SSN, [and] driver's license."  Doc. 8 (citation modified).  He does not clarify whether he has previously submitted these documents to ICE or otherwise encountered ICE before March 27, 2026.

[4] Neither party provides clear evidence in the record as to which provision ICE used to detain Petitioner.  Respondents spend several pages outlining their position on the scope of § 1225(b) and § 1226(a).  Resp. at 3-7.  Based on the context of the Response, *see id.*, and the fact that ICE's current policies typically call for detention of noncitizens similarly situated to Petitioner under § 1225(b)(2)(A), the undersigned presumes Respondents relied on that statute to detain him.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.  Pet. at 1.  He remains detained there.  *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited May 8, 2026).

## II.    Petitioner's Claims

Petitioner asserts two counts in his Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA")**.  Petitioner alleges his continued detention violates the INA because "ICE arrested and detained [him] without any adequate notice [or] reason."  Pet. at 7.

- **Count II**:    **Violation of the Administrative Procedures Act ("APA").**  Petitioner alleges his detention violates the APA because ICE did not give a reason for his arrest or detention.  *Id*.

He asks "the court to order [his] immediate release through an Order of Supervision, or an alternative."  *Id*. at 8.

## III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.    Analysis

### A.    Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226.  Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been

admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified).  Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a."  If Petitioner is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), he is not entitled to a bond hearing.  On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Petitioner argues he is detained in violation of the INA.  Pet. at 7.  Liberally construed, Petitioner's two counts alleged in his Petition contest his detention by ICE without proper notice or procedures, which would include a bond hearing.  Respondents do not appear to dispute Petitioner is detained pursuant to § 1226.  Respondents also do not explain why Petitioner isn't entitled to a bond hearing pursuant to § 1226.  Nonetheless, the Court must determine what statute governs Petitioner's detention before determining whether he is entitled to relief.

The undersigned has reviewed the statutory text, Congressional intent, legislative history, and § 1226(a)'s application for the past three decades, as well as numerous recent cases addressing this exact issue.  For the reasons stated below, and adopting this Court's reasoning in *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla.

Dec. 22, 2025), the undersigned recommends the Court grant the Petition in part to the extent Petitioner seeks a bond hearing under § 1226(a).

First, the INA limits the scope of the term "seeking admission" in § 1225(b)(2)(A) so that section does not apply to noncitizens already living in the United States when apprehended. Section 1225(b)(2)(A) "only applies when a noncitizen 'applicant for admission' is actively 'seeking admission' into the United States." *Valdez*, 2025 WL 3709021, at *3 (citation modified). "If all 'applicants for admission' are also 'seeking admission,' then § 1225(b)(2)(A)'s inclusion of the phrase 'seeking admission' would be redundant." *Perez v. Grant*, No. CIV-25-1560-R, 2026 WL 315065, at *3 (W.D. Okla. Feb. 5, 2026) (citation modified). The undersigned best understands mandatory detention under § 1225(b)(2)(A) to apply to arriving noncitizens actively seeking admission at or near the border or port of entry—not those like Petitioner who have resided in the United States for years and were not arrested when trying to cross the border.

In addition, the legislative history and recent amendment of § 1226 indicate that section applies to noncitizens who previously entered without inspection and were residing in the United States when apprehended. Notably, after passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Department of Justice explained that "despite being applicants for admission, aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination." *Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures*, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997) (citation

5

modified).  Further, Congress' recent amendment to § 1226 mandating detention for certain criminal noncitizens renders Respondents' interpretation of § 1225(b)(2)(A) superfluous.

Finally, this Court, Chief Judge Palk, Judge DeGiusti, Judge Jones, Judge Heaton, and myriad district courts have recently applied § 1226(a) to govern detention of noncitizens like Petitioner.[5]  This conclusion is also in accord with the Second, Seventh, and Eleventh Circuits, which rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents.  *See Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, --- F.4th ---, 2026 WL 1243395, at *21 (11th Cir. May 6, 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, --- F.4th ---, 2026 WL 1223250, at *10-22 (7th Cir. May 5, 2026); *Cunha v. Freden*, No. 25-3141-PR, --- F.4th ---, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026).  *But see Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026) (agreeing with Respondents' interpretation); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 501-08 (5th Cir. 2026) (same).

The undersigned agrees with this Court's reasoning, the majority of Judges in this District, and the great weight of authority to conclude Petitioner falls within the confines of § 1226(a), and not § 1225(b)(2)(A).  *See Perez*, 2026 WL 315065, at *3 (finding the

---

[5] *See, e.g., Valdez,* 2025 WL 3709021, at *3; *Coreas v, Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026); *Lopez v. Corecivic Cimmaron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *1 (W.D. Okla. Jan. 21, 2026); *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *1 (W.D. Okla. Jan. 13, 2026); *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025).  Two Judges in the District have applied § 1225(b)(2)(A) to a similarly situated petitioner.  *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026); *Alvarado Montoya v. Holt*, No. CIV-25-01231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2025).

Seventh Circuit's analysis "persuasive" and concluding § 1226(a) governs a similarly situated petitioner's detention "in accordance with the vast majority of district courts in this judicial district, in the district courts within the Tenth Circuit and across the country to have address the same issues as those raised by Petitioner") (citation modified); *see also Brena Escobedo v. Holt,* No. CIV-25-1553-R, 2026 WL 989109, at *1 n.1 (W.D. Okla. Apr. 13, 2026) (acknowledging the 2-1 decisions in *Avila* and *Buenrostro-Mendez* but continuing to find the analysis in *Castañon-Nava* persuasive).[6]

Accordingly, the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. The Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within five business days or otherwise release him if he does not have a lawful bond hearing within that period.

### B.    The proper remedy is a bond hearing.

Petitioner does not request a bond hearing and instead asks "the court to order [his] immediate release through an Order of Supervision, or an alternative." Pet. at 8. Consistent with the Court's approach in previous cases, the undersigned recommends Petitioner be afforded a constitutionally sufficient bond hearing as a lesser remedy than release. *See Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026)

---

[6] Indeed, on April 28, 2026, a Second Circuit panel unanimously held § 1226 applies to noncitizens similarly situated to Petitioner. *Da Cunha*, No. 25-3141, Doc. 78 at 3, 10-11 (agreeing with the Seventh Circuit and the majority of district courts and finding the analysis in *Avila* and *Buenrostro-Mendez* "unpersuasive").

("As a remedy, Petitioner requests his immediate release, but the Court concludes that a bond or custody redetermination hearing is the appropriate remedy." (citing *Boumediene v. Bush*, 553 U.S. 723, 779 (2008))).  As this Court previously acknowledged, "Petitioner is entitled to the custody procedures provided by [§ 1226(a)]," and "the statute provides the Department of Homeland Security the discretion to either detain a noncitizen or release the noncitizen on bond."  *Id.* (citation modified).  As such, "an individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute."  *Id.* (citation modified).  Further, Petitioner has not alleged he was previously detained or released by ICE nor does he allege that he would be entitled to be released again.  Accordingly, consistent with the Court's approach in previous cases and because Petitioner has not alleged any entitlement to release, the undersigned recommends Petitioner be afforded a constitutionally sufficient individualized bond hearing pursuant to § 1226(a).

      **C.**      **The Court should decline to address Petitioner's APA claim.**

Petitioner also argues his continued detention without a bond hearing violates the APA. Pet. at 7.  If the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's APA claim. *See, e.g., Valdez,* 2025 WL 3709021, at *3 n.2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).

**V.**    **Recommendation and Notice of Right to Object**

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.  The undersigned further recommends the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's order.

The parties are advised of their right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed not later than **May 15, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **May 20, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 8th day of May, 2026.

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

9