**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ROLDAN BASTIDAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-770-R |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | | |

**ORDER**

Petitioner, a noncitizen proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement. Before the Court is the Report and Recommendation of United States Magistrate Judge Chris M. Stephens [Doc. No. 9] recommending that the Petition be granted in part and Respondents ordered to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a). Respondents filed a timely Objection [Doc. No. 10], which obligates the Court to undertake a de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3).

As explained in the Report, the key question in this case is whether Petitioner is properly detained pursuant to 8 U.S.C. § 1225(b)(2)(A), which provides for mandatory detention, or whether he must instead be detained pursuant to 8 U.S.C. § 1226(a), which generally provides for a bond hearing. Having reviewed the pertinent filings and

Respondents' Objection, the Court agrees with Judge Stephens' conclusion that that § 1226(a) applies to Petitioner's detention.[1]

Accordingly, the Report and Recommendation [Doc. No. 9] is ADOPTED. The Petition for Writ of Habeas Corpus is GRANTED in part and Respondents are directed to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a). Because the Court grants relief on statutory grounds, it declines to reach the remaining claim.

IT IS SO ORDERED this 27th day of May, 2026.

_David L. Russell_

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] On this issue, the Court finds persuasive the analysis provided in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025) and *Cunha v. Freden*, No. 25-3141-PR, 2026 WL 1146044 (2d Cir. Apr. 28, 2026). The Court acknowledges the contrary decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).