**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ROLDAN BASTIDAS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-770-R** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | | |

**ORDER**

In a prior order [Doc. No. 11], the Court granted in part Petitioner's Petition for Writ of Habeas Corpus and directed Respondents to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a). Now before the Court is a letter [Doc. No. 13] from Petitioner indicating that he had a bond hearing and requesting that he be released.

Pursuant to 8 U.S.C. § 1226(e), this Court lacks jurisdiction to review an Immigration Judge's discretionary decision to deny bond. *See Mwangi v. Terry,* 465 F. App'x 784, 786 (10th Cir. 2012). Although § 1226(e) does not divest the Court of jurisdiction over constitutional claims or questions of law, the Court does not interpret Petitioner's letter as asserting that the bond hearing was constitutionally deficient.

Accordingly, Petitioner's request for release is denied without prejudice.

IT IS SO ORDERED this 15th day of July, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE